17-1938
*Robert L. Gordons LLC v. U.S. Bank Nat'l Ass'n*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> EDWARD R. KORMAN,
> > *District Judge*.*

———————————————————

ROBERT L. GORDONS LLC,

> *Plaintiff-Appellant*,
> v.                                                            17-1938

U.S. BANK NATIONAL ASSOCIATION,†

> *Defendant-Appellee*.

———————————————————

For Plaintiff-Appellant:          JEFFREY M. GREILSHEIMER, Fox Horan & Camerini LLP, New York, N.Y.

For Defendant-Appellee:          KENNETH J. FLICKINGER, Eckert, Seamans, Cherin & Mellott, LLC, White Plains, N.Y.

———————————————————

* Judge Edward Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

† The Clerk is directed to conform the official caption to the caption on this order.

1

Appeal from a June 8, 2017 judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Robert L. Gordons LLC ("Gordons") appeals from a June 8, 2017 judgment of the United States District Court for the Southern District of New York (Furman, *J.*) granting U.S. Bank National Association's ("U.S. Bank") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Gordons argues on appeal that the district court failed to draw factual inferences in its favor and misconstrued New York State law. "We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), 'accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor.'" *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156–57 (2d Cir. 2017) (quoting *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## 1. Background

The complaint alleges that in 2007, Washington Mutual Bank, F.A. loaned $368,000 to Sherry and Thomas Kim, neither of whom are parties to this case. The Kims secured their loan with a mortgage, which was properly recorded against their Manhattan condominium. Soung Ok Cho executed the loan on behalf of the Kims as attorney-in-fact pursuant to powers of attorney. The Kims later defaulted on both their mortgage payments and their payments to the condominium board. Bank of America, N.A., the loan assignee, began a foreclosure proceeding against the condominium in 2010, while the board acquired a lien against the condominium and auctioned it

by sheriff's sale to Gordons. U.S. Bank, by then Bank of America's loan assignee, thereafter obtained a foreclosure judgment in state court.

Before the state court entered the foreclosure judgment, Gordons commenced the instant litigation, seeking a declaratory judgment quieting title to the condominium. Gordons argued that the Kims' powers of attorney reflected defects that rendered them invalid under New York State General Obligations Law (GOL) § 5-1501. In Gordons's view, because the powers of attorney were invalid, the mortgage was invalid, which meant that U.S. Bank could not foreclose. The district court granted U.S. Bank's motion to dismiss, concluding that the powers of attorney were not invalid. Gordons filed a timely notice of appeal.

## 2. Discussion

Gordons raises three principal arguments on appeal. First, he argues that the Kims did not actually initial next to each power of attorney they delegated to Cho, as was required by New York State law when the powers of attorney were executed, *see, e.g.*, *In re Marriott*, 86 A.D.3d 943, 944–45 (N.Y. App. Div. 4th Dep't 2011). The complaint alleges, without elaboration, that both Kims "placed a mark, but not [their] initials" next to the delegated powers. J.A. at 11, 16.

Although the district court did not address this allegation, we need not accept it as true. Gordons attached the powers of attorney to the original complaint, so we may look at the Kims' purported initials when assessing this allegation. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In our view, both documents appear to show both Kims' initials next to the powers at issue. Gordons has not made any further allegations that give us any reason to doubt this interpretation. The complaint does not, for example, allege that the marks were forged, or that the Kims purposefully declined to initial where requested. Having examined the powers of attorney attached to the complaint, we deem Gordons's conclusory allegation that these are not the Kims'

3

initials to be implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (declining to credit "bare assertions").

Second, Gordons argues that various technical deficiencies in the powers of attorney render them invalid. These include typographical errors, such as using the word "of" where the statutory short form called for the word "or," and formatting errors, such as the failure to put the words "CAUTION" and "DIRECTIONS" at the top of the powers of attorney in bold type-face. Gordons argues that, at the time the powers of attorney were executed, GOL § 5-1501(2) mandated the use of "the exact wording" and formatting set out in the statute, and that the Kims' powers of attorney are invalid because they depart from these standards. The district court rejected this argument, concluding that New York "law did not provide that use of the statutory form was mandatory or that any form deviating from the requirements set forth in the statute would be invalid." J.A. at 290.

We agree with the district court. Powers of attorney must strictly comply with GOL § 5-1501 to be considered statutory short form powers of attorney. But a power of attorney that fails to do so is not necessarily invalid; it is just not a *statutory short form* power of attorney. *See* § 5-1501(1) ("No provision of this article shall be construed to bar the use of any other or different form of power of attorney desired by the parties concerned."); *see also* 2A N.Y. Jur. 2d Agency § 64 ("General powers of attorney are prescribed by statute so that, as a matter of public policy of the state, there can be a liberal use and judicial recognition of the efficacy of the powers of attorney. The statutory short-form power of attorney was prescribed to eliminate the technicalities inherent in the interpretation of words used to grant the authority under previous forms. However, the provision of a prescribed form does not bar the use or validity of any other or a different form of power of attorney desired by a person other than a principal." (footnotes omitted)). Technical

4

departures from the statutory short form requirements, therefore, did not invalidate the Kims' powers of attorney. *See Kermanshahchi v. Republic Nat'l Bank of New York, S.A.*, No. 87 CIV. 2599 (JFK), 1991 WL 177282, at *3 (S.D.N.Y. Sept. 3, 1991) (finding it dispositive that "the parties intended the form . . . to serve as a valid and binding power of attorney").

Gordons contends finally that the powers of attorney are invalid because they lacked certificates of conformity. GOL § 5-1501(1), at the time the powers of attorney were executed, required that such documents "be duly acknowledged by the principal in the manner prescribed for the acknowledgement of a conveyance of real property." New York Real Property Law (RPL) § 299-a(1) required that an acknowledgement or proof of a conveyance of real property, "if taken in the manner prescribed by [a State other than New York], must be accompanied by a certificate that it conforms with such laws." In Gordons's view, the Kims' powers of attorney are invalid because they were executed in New Jersey, not New York, and have no such certificate.

The district court did not expressly address this argument. Nonetheless, we find Gordons's position to be unpersuasive. RPL § 299-a requires a certificate of conformity only if the proof of the conveyance of real property is "taken in the manner prescribed" by a state other than New York. No such requirement exists if the acknowledgement is taken in the manner prescribed by New York. New York allows for the acknowledgment or proof to be taken before "[a] notary public," in a state outside New York. RPL § 299. Both Kims executed their powers of attorney before a notary public in New Jersey, and the acknowledgements included with the powers of attorney substantially conform to New York's statutory form acknowledgment, *see* RPL § 309-b(1). Therefore, the Kims executed the powers of attorney in accordance with New York State law and did not require a certificate of conformity.

\*       \*       \*

5

We have considered Gordons's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk